IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| David Bourke, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| -vs- ) | |
| ) | 03C 7749 |
| Village of Downers Grove, Illinois, ) | |
| Downers Grove Police Officers ) | *(jury demand)* |
| Dutton, Polnik, Hutchens, Kucaba, ) | |
| Detectives Porter, Tessman, Nels, ) | |
| Lieutenant Byrne, Deputy Chief Harrison, ) | JUDGE ZAGEL |
| Scott Conger, and Wayne E. Brucar, ) | |
| ) | MAGISTRATE JUDGE DENLOW |
| *Defendants.* ) | |

**COMPLAINT**

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343.

2. Plaintiff David Bourke is a resident of the Northern District of Illinois.

3. Defendant Village of Downers Grove is an Illinois municipal corporation.

4. Defendants Dutton, Polnik, Hutchens, and Kucaba were at all times relevant police officers employed by defendant Downers Grove. Plaintiff asserts a Section 1983 claim against these defendants, who are sued in their individual capacity.

5. Detectives Porter, Tessman, and Nels were at all times relevant police detectives employed by defendant Downers Grove. Plaintiff asserts a Section 1983 claim against these defendants, who are sued in their

individual capacity.

6. Defendant Byrne was at all times relevant a police lieutenant employed by defendant Downers Grove. Plaintiff asserts a Section 1983 claim against Byrne, who is sued in his individual capacity.

7. Defendant Harris was at all times relevant a Deputy Police Chief employed by defendant Downers Grove. Plaintiff asserts a Section 1983 claim against Harris, who is sued in his individual capacity.

8. Scott Conger and Wayne E. Brucar are attorneys licensed to practice law in the State of Illinois. Conger and Brucar represented plaintiff at his state court criminal trial. Plaintiff asserts a supplemental state law claim of attorney malpractice against these defendants pursuant to 28 U.S.C. §1367.

9. On April 16, 1998, plaintiff shot and killed a man named Roger Johnson within the Village of Downers Grove, Illinois. As set out below with greater specificity, the Illinois courts have conclusively determined that plaintiff acted in self defense and that the shooting was a justifiable homicide. The issue of self defense reached a final adjudication on January 4, 2002.

10. Plaintiff was arrested on the day of the justifiable homicide (April 16, 1998) and thereafter was formally charged with murder. Plaintiff remained in custody for 30 months following his arrest.

11. As a result of the malpractice of defendant Conger and Brucar, and the suppression of exculpatory evidence by one or more of defendants Dutton, Polnik, Hutchens, Kucaba, Porter, Tessman, Nels, Byrne, or Harris,

defendant was found guilty of first degree murder and sentenced to a 25 year term of imprisonment.

12. Plaintiff's conviction was reversed outright by the Illinois Appellate Court, which concluded that plaintiff had acted in self defense. The Illinois Supreme Court denied review on December 5, 2001, and the mandate of the Illinois Appellate Court issued on January 4, 2002.

13. Plaintiff was erroneously found guilty of murder as a result of one or more of the following acts of malpractice by defendants Conger and Bruchar:

   i. Defendants Conger and Bruchar failed to confer with and present testimony from a crime scene expert, who would have explained to these attorneys and to the jury that the prosecution's theory of the case was based on what the Appellate Court subsequently characterized as a "highly fanciful reading of the evidence."

   ii. Defendants Conger and Bruchar failed to recognize that a tape recording produced by the prosecution contained gaps of apparent erasures that excluded material that would have been helpful to the defense case. Instead of raising any objection to the misleading tape, or even demanding an evidentiary hearing into its pedigree, defendants Conger and Bruchar stipulated to the admissibility of the tape.

   iii. Defendants Conger and Bruchar conducted the trial in an incompetent manner in failing to exercise reasonable professional judgment during jury selection, in failing to make any objection to the admission into evidence of unfairly prejudicial photographs, and in

failing to make any objection to the use of a tape recording that contained apparent erasures that excluded material that would have persuaded the jury to find plaintiff not guilty.

14. One or more of defendants Dutton, Polnik, Hutchens, Kucaba, Porter, Tessman, Nels, Byrne, or Harris caused plaintiff to have been deprived of a fair trial by suppressing exculpatory evidence:

   i. After plaintiff killed Johnson in self defense, plaintiff was present while his father had a telephone conversation with the Downers Grove police dispatcher. During this conversation, the dispatcher asked plaintiff's father to elicit from plaintiff a his version of the incident; the tape that was used at trial includes the voice of plaintiff's father repeating plaintiff's version of the incident as follows: "He came to the door and they got into an argument and then this fellow" followed by a suspicious sound like that made by a pause button, followed the the words "and he shot him."

   ii. In addition to this crucial erasure, the tape that was used at plaintiff's trial contains more than six additional gaps.

   iii. Plaintiff believes that the tape of the conversation between his father and the police dispatcher was prepared by one of more of Dutton, Polnik, Hutchens, Kucaba, Porter, Tessman, Nels, Byrne, and Harris, who acted in accordance with a practice or policy of the Village of Downers Grover or was acting as the final decisionmaker on the question of which portions of the communications tape should be suppressed.

iv. As a result of the foregoing, plaintiff was erroneously found guilty of murder and confined in the penitentiary for several years before his conviction was reversed outright. In addition to having been deprived of his freedom, plaintiff was subjected to severe emotional distress and lost wages as a result of his erroneous conviction and incarceration.

v. Plaintiff hereby demands trial by jury.

Wherefore plaintiffs prays for judgment against defendants in a total amount in excess of five million dollars, as well as an award of fees and costs on his section 1983 claim and whatsoever other relief as may be appropriate.

/s/ Kenneth N. Flaxman

KENNETH N. FLAXMAN
200 South Michigan Avenue
Suite 1240
Chicago, Illinois 60604
(312) 427-3200
*attorney for plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### Eastern Division

In the Matter of

David Bourke
-vs-
Village of Downers Grove, Illinois et al.,

Case Number: **03C 7749**

DOCKETED NOV - 3 2003

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plantiff David Bourke

JUDGE ZAGEL

MAGISTRATE JUDGE DENLOW

| (A) | (B) |
|---|---|
| SIGNATURE: /s/ | SIGNATURE |
| NAME: Kenneth N. Flaxman | NAME |
| FIRM: Kenneth N. Flaxman P.C. | FIRM |
| STREET ADDRESS: 200 S Michigan Ave., Ste 1240 | STREET ADDRESS |
| CITY/STATE/ZIP: Chicago, Illinois 60604 | CITY/STATE/ZIP |
| TELEPHONE NUMBER: (312) 427-3200 | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER: 08830399 | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? YES ✓ NO | MEMBER OF TRIAL BAR? YES NO |
| TRIAL ATTORNEY? YES ✓ NO | TRIAL ATTORNEY? YES NO |
| | DESIGNATED AS LOCAL COUNSEL? YES NO |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? YES NO | MEMBER OF TRIAL BAR? YES NO |
| TRIAL ATTORNEY? YES NO | TRIAL ATTORNEY? YES NO |
| DESIGNATED AS LOCAL COUNSEL? YES NO | DESIGNATED AS LOCAL COUNSEL? YES NO |

1-3

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

## Civil Cover Sheet

**DOCKETED NOV - 3 2003**

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use **only** in the Northern District of Illinois.

**Plaintiff(s):** David Bourke

**Defendant(s):** Village of Downers Grove, Illinois, Downers Grove POlice Officers Dutton, Polnik, Hutchens, Kucaba, Detectives Porter, Tessman, Nels, Lieutenant Byrne, Deputy Chief Harrison, Scott Conger, and Wayne Brucar

**County of Residence:** Cook

**County of Residence:**

**Plaintiff's Atty:** Kenneth N. Flaxman
Kenneth N. Flaxman P.C.
200 S Michigan Ave., Ste 1240
(312) 427-3200

**Defendant's Atty:**

03C 7749

**II. Basis of Jurisdiction:** 3. Federal Question (U.S. not a party)

**JUDGE ZAGEL**

**III. Citizenship of Principal Parties** (Diversity Cases Only)
Plaintiff:- N/A
Defendant:- N/A

**MAGISTRATE JUDGE DENLOW**

**IV. Origin:** 1. Original Proceeding

**V. Nature of Suit:** 440 Other Civil Rights

**VI. Cause of Action:** 42 U.S.C. §1983: convicction as the result of the suppression of exculpatory evidence

**VII. Requested in Complaint**
Class Action: No
Dollar Demand: 5,000,000
Jury Demand: Yes

**VIII.** This case **IS NOT** a refiling of a previously dismissed case.

**Signature:**

**Date:** 10/31/03

http://www.ilnd.uscourts.gov/PUBLIC/forms/auto_js44.cfm                                    10/31/2003