IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| David Bourke, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| Village of Downers Grove, Illinois, | ) | No. 03 CV 7749 |
| et al., | ) | |
| | ) | *(Judge Zagel)* |
| | ) | |
| *Defendants.* | ) | |

*FILED*

*DOCKETED*

*FEB 13 2004*

*FEB 1 2 2004*

*MICHAEL W. DOBBINS*
*CLERK, U.S. DISTRICT COURT*

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS OF DEFENDANTS BRUCAR AND CONGER

In 1998, plaintiff David Bourke shot and killed a man named Roger Johnson within the Village of Downers Grove, Illinois. Although plaintiff had acted in self-defense, he was found guilty by a jury and sentenced to a 25 year term of imprisonment. Plaintiff's conviction was reversed outright by the Illinois Appellate Court, which concluded that plaintiff had acted in self defense.

Plaintiff asserts that his erroneous conviction was caused by the suppression of exculpatory evidence by several police officers, as well as by the malpractice of his trial attorneys. In accordance with 28 U.S.C. §1367, plaintiff has combined his Section 1983 claims and his state law malpractice claim in this lawsuit. The police officer defendants (and their employer, the Village of Downers Grove) have filed an answer to the complaint, generally denying any wrongdoing. The attorneys have filed a Rule 12(b)(6) motion to dismiss. For the reasons set out below, the motion to dismiss should be denied.

## I. Plaintiff Has Fairly Alleged a Malpractice Claim

Under Illinois law, a cause of action for legal malpractice arising from representation in a criminal case accrues when the plaintiff's conviction is overturned. *Griffin v. Goldenhersh,* 323 Ill.App.3d 398, 405, 752 N.E.2d 1232, 1239 (2001); *Johnson v. Halloran,* 312 Ill.App.3d 695, 700, 728 N.E.2d 490, 494 (2000). *Woidtke v. St. Clair County, Illinois,* 335 F.3d 558, 562-63 (7th Cir. 2003).

In order to prove attorney malpractice, the former criminal defendant must establish "(1) an attorney-client relationship; (2) a duty arising out of that relationship; (3) a breach of that duty; (4) causation; and (5) actual damages." *Land v. Auler,* 186 Ill.App.3d 382, 384, 542 N.E.2d 509, 511 (1989); *Moore v. Owens,* 298 Ill.App.3d 672, 674, 698 N.E.2d 707, 709 (1998). Under the notice pleading standard of the Federal Rules of Civil Procedure, a plaintiff — whose conviction has been reversed — should only be required allege that "I was erroneously found guilty because of mistakes by my trial attorney." *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir. 1998). ("I was turned down for a job because of my race" states a claim).

The lawyer defendants do not challenge the sufficiency of plaintiff's allegations. Instead, the lawyer defendants assert that "[t]he Appellate Court's opinion reversing plaintiff's murder conviction conclusively demonstrates that defense counsel did not proximately cause plaintiff's conviction." (Def.Mem. 2.) According to the lawyer defendants, even though plaintiff was found guilty and sent to the penitentiary to serve a 25 year sentence, the lawyers "actually 'won' [plaintiff's] case at trial." (Id.) This is an unusual use of the verb "to win," which, in a criminal case, means "to be the victor." While a 25 year sentence may be a victory for a guilty defendant who was a likely candidate for the

death penalty, it cannot be considered a success for a defendant who is not
guilty.

The lawyer defendants appear to ask the Court to conclude as a matter of
law first, that plaintiff was convicted because of "errors of law by the trial
court," and second, that the lawyer defendants do not bear any responsibility for
the judge's error. (Def.Mem. 2.) The lawyer defendants explain this argument
in four citationless sentences at page five of their memorandum:

> [T]he State failed to prove plaintiff guilty beyond a reasonable
> doubt because it had failed to disprove that plaintiff had killed in
> self-defense. That is, that the trial court had erred by not dismiss-
> ing the charge against plaintiff. In other words, whether or not the
> criminal defense team "should have" taken the actions now
> demanded by plaintiff, plaintiff should not have been found guilty
> at the trial. Accordingly, the alleged malpractice by movants was
> not the proximate cause of plaintiff's conviction.

One obvious flaw in this argument is that, on a Rule 12(b)(6) motion, the
Court must assume that defendants' malpractice caused the trial judge to deny
the post-trial motion for judgment of acquittal.[1] *Flannery v. Recording Industry
Ass'n of American,* 354 F.3d 632, 637 (7th Cir. 2004) (all reasonable inferences
must be drawn in favor of the plaintiff on a Rule 12(b)(6) motion). A second
flaw in the argument of the lawyer defendants is that it is based on a misappli-
cation of the doctrine of superseding cause.

---

1. Plaintiff was represented by different counsel on his direct appeal.

## II. ANY MISTAKEN RULING BY THE TRIAL JUDGE IS NOT A SUPERSEDING CAUSE

The lawyer defendants appear to argue that a mistaken ruling by the trial judge on their post-trial motion for acquittal is a superseding cause that relieves them of liability for their malpractice. This is a misapplication of the doctrine of superseding cause.

Under Illinois law, a superseding cause "is a new and independent force which breaks the causal connection between the original wrong and the injury and itself becomes the direct and immediate cause of the injury." *Johnston v. City of East Moline*, 405 Ill. 460, 464, 91 N.E.2d 401, 403 (1950). The test to be applied "is whether the first wrongdoer might have reasonably anticipated the intervening cause as a natural and probable result of the first party's own negligence. . . If the act of a third party is the immediate cause of the injury and is such as in the exercise of reasonable diligence would not be anticipated and the third person is not under the control of the one guilty of the original wrong, the connection is broken and the first act or omission is not the proximate cause of the injury." *Merlo v. Public Service Co.*, 381 Ill. 300, 317, 45 N.E.2d 665, 675 (1943).

An attorney who incompetently defends a criminal case — who stands by while the prosecution introduces irrelevant and prejudicial evidence, who stipulates to the prosecution's use of a tape recording that has been erased to exclude exculpatory material, who refuses to consult with a crime scene expert, who fails to argue that the prosecution's theory of the case is based on what the Appellate Court subsequently characterized as a "highly fanciful reading of the evidence," and who sits back while the prosecution repeatedly argues facts not in evidence during its closing argument — cannot be heard to complain that the

refusal of a trial judge to overturn the jury's verdict is an intervening cause. The malpracticing lawyer should not have been surprised by the jury's guilty verdict; nor should the ineffective defense counsel be surprised when his post-trial motion for a judgment of acquittal is denied.

A lawyer who does a poor job in defending a criminal case should anticipate a guilty verdict and denial of post-trial motions. That the trial judge refused to overturn the jury's verdict at plaintiff's criminal trial cannot be fairly viewed as a superseding cause.

## III. CONCLUSION

The lawyers' claim of superseding cause in this case is no different than an attempt by a zoo to "escape liability for allowing a tiger to excape and maul people on the ground that the tiger is the superseding cause of the mauling." *Beul v. ASSE Intern., Inc.*, 233 F.3d 441, 447 (7th Cir. 2000). The motion to dismiss of the lawyer defendants should be denied.

Respectfully submitted,

KENNETH N. FLAXMAN
200 South Michigan Avenue
Suite 1240
Chicago, Illinois 60604-2340
(312) 427-3200
*attorney for plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing to be served on James L. DeAno, Esq., Norton, Mancini, Weiler & DeAno, 109 N Hale, Wheaton, IL 60187, and Terry D. Weissman, Esq., Neal, Gerger & Eisenberg, LLP, 2 N LaSalle St, Chicago, IL 60602, by first class mail, postage prepaid, this 12th day of February, 2004.

KENNETH N. FLAXMAN
200 South Michigan Avenue
Suite 1240
Chicago, Illinois 60604-2340
(312) 427-3200
*attorney for plaintiff*