UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID BOURKE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 03 C 7749 |
| | ) | |
| v. | ) | District Judge James B. Zagel |
| | ) | |
| VILLAGE OF DOWNERS GROVE, et al., | ) | Magistrate Judge Morton Denlow |
| | ) | |
| Defendants. | ) | |

### NOTICE OF MOTION

To: Counsel of Record on Attached Service List

PLEASE TAKE NOTICE that on **February 5, 2004**, at **10:15 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable James B. Zagel or any judge sitting in his stead, in Room 2503 of the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, and then and there present **Motion to Dismiss by Defendants Wayne E. Brucar and N. Scott Conger**, a copy of which is attached hereto and served upon you.

WAYNE E. BRUCAR and N. SCOTT CONGER

By: _____
One of Their Attorneys

Terry D. Weissman (ARDC #6211582)
John W. Guarisco (ARDC #6229369)
Neal, Gerber & Eisenberg LLP
Two North LaSalle Street
Chicago, Illinois 60602
(312) 269-8000
NGEDOCS :016335.0616 987052.1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID BOURKE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 03 C 7749 |
| | ) | |
| v. | ) | District Judge James B. Zagel |
| | ) | |
| VILLAGE OF DOWNERS GROVE, et al., | ) | Magistrate Judge Morton Denlow |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISMISS
## BY DEFENDANTS WAYNE E. BRUCAR AND N. SCOTT CONGER

Defendants Wayne E. Brucar and N. Scott Conger, by their attorneys and pursuant to Federal Rule of Civil Procedure 12(b)(6), move to dismiss the Complaint as to them with prejudice. In support of this Motion, Messrs. Brucar and Conger have submitted herewith a Memorandum of Law.

Respectfully submitted,

WAYNE E. BRUCAR and N. SCOTT CONGER

By: _____
One of Their Attorneys

Terry D. Weissman (ARDC #6211582)
John W. Guarisco (ARDC #6229369)
Neal, Gerber & Eisenberg LLP
Two North LaSalle Street
Chicago, Illinois 60602
(312) 269-8000
NGEDOCS :016335.0616 987048.1

## CERTIFICATE OF SERVICE

I, John W. Guarisco, an attorney, certify that I caused **Notice of Motion, Motion to Dismiss by Defendants Wayne E. Brucar and N. Scott Conger and Memorandum of Law in Support of Motion to Dismiss By Defendants Wayne E. Brucar and N. Scott Conger** to be served on the following counsel of record:

| | |
|---|---|
| Kenneth N. Flaxman | James L. DeAno |
| 200 South Michigan Avenue | Norton, Mancini, Weiler & DeAno |
| Suite 1240 | 109 North Hale |
| Chicago, IL 60604 | Wheaton, IL 60187 |

by depositing a copy of same in the United States Mail Chute from the law offices of Neal, Gerber & Eisenberg LLP located at 2 North LaSalle Street, Suite 2300, Chicago, Illinois 60602 with proper postage prepaid, all before the hour of 5:00 p.m. on **January 26, 2004.**

_____
John W. Guarisco

NGEDOCS :016335.0616 987057.1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID BOURKE, | ) |
| Plaintiff, | ) Case No. 03 C 7749 |
| v. | ) District Judge James B. Zagel |
| VILLAGE OF DOWNERS GROVE, et al., | ) Magistrate Judge Morton Denlow |
| Defendants. | ) |

### MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO DISMISS
### BY DEFENDANTS WAYNE E. BRUCAR AND N. SCOTT CONGER

Defendants Wayne E. Brucar and N. Scott Conger, by their attorneys, respectfully submit this Memorandum of Law in support of their Motion to Dismiss plaintiff David Bourke's Complaint as to them pursuant to Federal Rule of Civil Procedure 12(b)(6).

### INTRODUCTION

Plaintiff killed a man on April 16, 1998, and was found guilty of first degree murder by a DuPage County jury. The Illinois Appellate Court subsequently reversed plaintiff's conviction on the ground that because the State did not disprove plaintiff's self-defense claims beyond a reasonable doubt, the State did not prove plaintiff guilty of first degree murder. Plaintiff now brings this lawsuit, in which he asserts a section 1983 claim against the Village of Downers Grove and various of its police officers, alleging that those defendants caused plaintiff to have been deprived of a fair trial in the murder case by suppressing exculpatory evidence. Plaintiff also tacks on a legal malpractice claim against movants – his criminal defense counsel – contending that they acted negligently in (a) not presenting testimony from a crime scene expert; (b) failing to object to the admissibility of certain evidence; and (c) "failing to exercise reasonable professional judgment during jury selection."

The Complaint fails to state a claim for legal malpractice. The Appellate Court's opinion reversing plaintiff's murder conviction conclusively demonstrates that defense counsel did not proximately cause plaintiff's conviction. The Appellate Court found that the State failed to meet its burden of proof at trial and that the charges against plaintiff should have been dismissed as a matter of law. Accordingly, whatever the alleged evidentiary "mistakes" purportedly made by Messrs. Brucar and Conger now raised by plaintiff, the fact remains that they actually "won" his case at the trial as recognized by the Appellate Court. Plaintiff's trial attorneys cannot be held responsible for errors of law by the trial court. It is thus respectfully submitted that plaintiff's claim against defendants Brucar and Conger fails as a matter of law and should be dismissed with prejudice.

## STATEMENT OF FACTS

"On April 16, 1998, plaintiff [David Bourke] shot and killed a man named Roger Johnson within the Village of Downers Grove, Illinois." (Complaint, ¶ 9.)[1] Plaintiff was arrested that same day "and thereafter was formally charged with murder." (Id., ¶ 10.) Movants "represented plaintiff at his state court criminal trial," which was a jury trial in the Circuit Court of DuPage County, Illinois. (Id., ¶ 8; People v. Bourke, No. 2-99-0924, at 1 (Ill. App. Ct. Aug. 21, 2001) (the "Appellate Court Order")).[2] The jury found plaintiff guilty of first degree murder, and judgment was entered on the verdict on April 27, 1999. (Appellate Court Order, at 30.)

---

[1] A true and correct copy of the Complaint is attached hereto as Exhibit 1 for the Court's convenience. Movants recognize that for purposes of the instant Motion, all of the well-pled allegations of the Complaint must be taken as true.

[2] A true and correct copy of the Appellate Court Order is attached hereto as Exhibit 2 for the Court's convenience. This Court may consider the Appellate Court Order in deciding the instant Motion because the Appellate Court's decision memorialized in the Appellate Court Order is referred to in the Complaint and central to plaintiff's claim. Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993). This Court also may take judicial notice of the Appellate Court Order and consider it on that separate and independent basis. See

Plaintiff appealed his conviction to the Illinois Appellate Court through new counsel and asserted three grounds on appeal: (a) the State had failed to disprove his affirmative defenses of self-defense (i.e., use of force in defense of person and use of force in defense of property) and prove the elements of first degree murder beyond a reasonable doubt; (b) plaintiff's conviction should have been reduced to second degree murder; and (c) Messrs. Brucar and Conger provided ineffective assistance of counsel. (Appellate Court Order, at 1-2.)

By its order entered August 21, 2001, the Illinois Appellate Court "reverse[d] because [it] conclude[d] that the State did not prove defendant guilty of first degree murder." (Appellate Court Order, at 2.) The Court summarized its decision as follows:

> In conclusion, we hold that the State did not disprove beyond a reasonable doubt defendant's claim that he killed Johnson in defense of his person and his dwelling. The State did not prove as unreasonable defendant's account of his struggle with Johnson inside the motel room. Rather, that account was reasonably consistent with the condition of Johnson's and defendant's bodies. **Ruling as we do on this issue, we do not reach defendant's remaining arguments that his conviction should be reduced to second degree murder and that his trial counsel was ineffective.**

(Appellate Court Order, at 46) (emphasis added).

According to plaintiff, he "was erroneously found guilty of murder as a result of one or more of the following acts of malpractice by [movants]": "[movants'] fail[ure] to confer with and present testimony from a crime scene expert," "[movants'] fail[ure] to recognize that a tape recording produced by the prosecution contained gaps of apparent erasures that excluded material that would have been helpful to the defense case," and "[movants'] conduct[] [of the] trial in an incompetent manner in failing to exercise reasonable professional judgment during

---

Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994) (affirming district court's consideration of public court documents in deciding Rule 12(b)(6) motion to dismiss).

jury selection, in failing to make any objection to the admission into evidence of unfairly prejudicial photographs, and in failing to make any objection to the use of a tape recording that contained apparent erasures that excluded material that would have persuaded the jury to find plaintiff not guilty." (Complaint, ¶ 13.)

## ARGUMENT

### Plaintiff Cannot State A Legal Malpractice Claim Because Movants' Purported Negligence Did Not Proximately Cause Plaintiff's Conviction As A Matter Of Law.

Under governing Illinois law, a legal malpractice plaintiff must plead and prove the following: "(1) an attorney-client relationship; (2) a duty arising from that relationship; (3) a breach of that duty; and (4) actual damages or injury proximately caused by that breach." Woidtke v. St. Clair County, Ill., 335 F.3d 558, 562 (7th Cir. 2003).

Plaintiff's legal malpractice claim fails because he cannot establish that any purported negligence by his criminal defense counsel proximately caused his first degree murder conviction. Plaintiff, in his appeal to the Illinois Appellate Court, advanced an "ineffective assistance of counsel" argument equivalent to his instant claim that movants committed malpractice in representing him. See Praxair, Inc. v. Hinshaw & Culbertson, 235 F.3d 1028, 1031 (7th Cir. 2000) ("Negligent legal representation is a failure to meet minimum professional standards, and is thus equivalent to what in Sixth Amendment cases is called ineffective assistance of counsel.") (citations omitted); Kramer v. Dirksen, 296 Ill. App. 3d 819, 823 (1st Dist. 1998) ("We believe those states that have found that the issue of 'ineffective assistance of counsel' is the equivalent of negligence and causation in a plaintiff's malpractice case, for purposes of collateral estoppel, are persuasively reasoned.").

However, the Appellate Court never had to reach the question whether plaintiff's counsel had negligently represented plaintiff at trial. (Appellate Court Order, at 46.) Instead, after

- 4 -

exhaustively recounting the testimony and other evidence introduced at the criminal trial (Appellate Court Order, at 2-30), the Appellate Court found that the State had failed to meet its burden as a matter of law: the State failed to prove plaintiff guilty beyond a reasonable doubt because it had failed to disprove that plaintiff had killed in self-defense. That is, that the trial court had erred by not dismissing the charge against plaintiff. In other words, whether or not the criminal defense team "should have" taken the actions now demanded by plaintiff, plaintiff should not have been found guilty at the trial. Accordingly, the alleged malpractice by movants was not the proximate cause of plaintiff's conviction.

## CONCLUSION

For the reasons set forth herein, defendants Wayne E. Brucar and N. Scott Conger respectfully request that this Court grant their Motion and dismiss the Complaint as to them with prejudice.

Respectfully submitted,

WAYNE E. BRUCAR and N. SCOTT CONGER

By: _____
One of Their Attorneys

Terry D. Weissman (ARDC #6211582)
John W. Guarisco (ARDC #6229369)
Neal, Gerber & Eisenberg LLP
Two North LaSalle Street
Chicago, Illinois 60602
(312) 269-8000
NGEDOCS :016335.0616 985429.1

- 5 -

See Case File for Exhibits