UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID BOURKE, ) | |
| ) | |
| Plaintiff, ) | Case No. 03 C 7749 |
| ) | |
| v. ) | District Judge James B. Zagel |
| ) | |
| VILLAGE OF DOWNERS GROVE, et al., ) | Magistrate Judge Morton Denlow |
| ) | |
| Defendants. ) | |

### REPLY MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO DISMISS
### BY DEFENDANTS WAYNE E. BRUCAR AND N. SCOTT CONGER

Defendants Brucar and Conger have moved to dismiss plaintiff's legal malpractice claim on the ground that as a matter of law, any negligent acts or omissions purportedly committed by Brucar and Conger in representing plaintiff during his criminal trial did not proximately cause plaintiff's conviction. In his response to defendants' Motion, plaintiff argues that (a) the Complaint's conclusory allegation that defendants' alleged negligence caused plaintiff's conviction suffices to state a legal malpractice claim; and (b) defendants' argument is a misapplication of the doctrine of "superseding cause." Both of plaintiff's arguments are meritless.

First, plaintiff's argument that the Complaint should withstand a motion to dismiss because it alleges the equivalent of "I was turned down for a job because of my race" (Response, p. 2) (citing Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998)) ignores another statement in Bennett: "Litigants may plead themselves out of court by alleging facts that establish defendants' entitlement to prevail." Id. at 519. Here, plaintiff's Complaint alleges that the Illinois Appellate Court concluded that plaintiff acted in self-defense, and therefore reversed his conviction outright. (Complaint, ¶ 12.) It is disingenuous for plaintiff to suggest that the

Appellate Court's opinion should be ignored in determining the sufficiency of the Complaint, as absent that opinion, plaintiff would still be imprisoned and unable to assert a legal malpractice claim. See Levine v. Kling, 123 F.3d 580, 583 (7th Cir. 1997) (valid criminal conviction collaterally estops criminal defendant from suing defense counsel for legal malpractice).

Second, plaintiff erroneously compares defendants' proximate cause argument to "an attempt by a zoo to 'escape liability for allowing a tiger to escape and maul people on the ground that the tiger is the superseding cause of the mauling.'" (Motion, p. 5) (citing Beul v. ASSE Int'l, Inc., 233 F.3d 441, 447 (7th Cir. 2000)). Plaintiff's prose is colorful, but his logic is flawed. The "tiger maul" example actually is analogous to a situation where (a) a criminal attorney erroneously fails to object to the prosecution's evidence; (b) the jury convicts; (c) the appellate court reverses on the ground that the verdict was tainted by improperly admitted evidence as a result of ineffective assistance of counsel; and (d) the criminal attorney defends the malpractice claim by contending that the trial court should have granted a motion for new trial because of his own negligence in defending his client. That is not this case.

Plaintiff's confusion of this case with the "tiger maul" example in Beul betrays a fundamental misunderstanding of the concept of proximate cause. Here, the Appellate Court expressly did **not** reverse plaintiff's conviction because of ineffective assistance of counsel. (Appellate Court Order, at 46.) Instead, the Appellate Court considered the trial record in its entirety, which included (a) the purportedly improper arguments by the prosecution; (b) the purportedly doctored tape recording; and (c) the purportedly prejudicial photographs, and did not include a crime scene expert testifying on behalf of the defense. Moreover, the Appellate Court "view[ed] the evidence in the light most favorable to the prosecution" in order to "determine whether any rational trier of fact could have found the essential elements of the crime satisfied

beyond a reasonable doubt." (Appellate Court Order, at 30.) In other words, plaintiff had the deck stacked against him in two different ways on appeal: (a) a record which allegedly was improperly weighted toward the State as a result of defendants' purported negligence; and (b) a deferential standard of review of that record. Despite the State having those advantages, the Appellate Court **still** found that the State had failed to prove its case against plaintiff beyond a reasonable doubt. Put another way, whatever defendants may have done incorrectly at trial was completely irrelevant to the question of whether plaintiff should have been found guilty. Because plaintiff cannot establish a proximate causal connection between defendants' purported negligence and his conviction, his legal malpractice claim fails as a matter of law and should be dismissed with prejudice.

## CONCLUSION

For the reasons set forth herein and in their Motion, defendants Wayne E. Brucar and N. Scott Conger respectfully request that this Court grant their Motion and dismiss the Complaint as to them with prejudice.

Respectfully submitted,

WAYNE E. BRUCAR and N. SCOTT CONGER

By: _____
One of Their Attorneys

Terry D. Weissman (ARDC #6211582)
John W. Guarisco (ARDC #6229369)
Neal, Gerber & Eisenberg LLP
Two North LaSalle Street
Chicago, Illinois 60602
(312) 269-8000
NGEDOCS :016335.0616 995963.1

## CERTIFICATE OF SERVICE

I, John W. Guarisco, an attorney, certify that I caused **Reply Memorandum of Law in Support of Motion to Dismiss By Defendants Wayne E. Brucar and N. Scott Conger** to be served on the following counsel of record:

| | |
|---|---|
| Kenneth N. Flaxman | James L. DeAno |
| 200 South Michigan Avenue | Norton, Mancini, Weiler & DeAno |
| Suite 1240 | 109 North Hale |
| Chicago, IL 60604 | Wheaton, IL 60187 |

by depositing a copy of same in the United States Mail Chute from the law offices of Neal, Gerber & Eisenberg LLP located at 2 North LaSalle Street, Suite 2300, Chicago, Illinois 60602 with proper postage prepaid, all before the hour of 5:00 p.m. on **February 19, 2004.**

*/s/ John W. Guarisco*
John W. Guarisco

NGEDOCS :016335.0616 987057.1