# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7749 | **DATE** | 3/10/2004 |
| **CASE TITLE** | BOURKE vs. DOWNERS GROVE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Motion to dismiss is denied. Enter memorandum opinion and order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 11 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 10 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID BOURKE,

　　Plaintiff,

　　v.

VILLAGE OF DOWNERS GROVE, et al.,

　　Defendants.

No. 03 C 7749
Judge James B. Zagel



DOCKETED
MAR 1 1 2004

## MEMORANDUM OPINION AND ORDER

On April 16, 1998, plaintiff David Bourke shot and killed Roger Johnson within the Village of Downers Grove, Illinois. Bourke was arrested that same day, and thereafter was formally charged with murder. Defendants Wayne Brucar and N. Scott Conger represented Bourke at his state court criminal jury trial in the Circuit Court of DuPage County, Illinois. The jury found Bourke guilty of first degree murder, and judgment was entered on the verdict on April 27, 1999.

Bourke appealed his conviction to the Illinois Appellate Court through new counsel, and asserted three grounds on appeal: (1) the State had failed to disprove his affirmative defenses of self-defense and prove the elements of first degree murder beyond a reasonable doubt; (2) his conviction should have been reduced to second degree murder; and (3) Brucar and Conger provided ineffective assistance of counsel. By its order entered August 21, 2001, the Illinois Appellate Court "reverse[d] because [it] conclude[d] that the State did not prove defendant guilty of first degree murder."[1] The Court summarized its decision as follows:

---

[1] I may consider this order in deciding the instant motion because the Appellate Court's decision memorialized in the order is referred to in the Complaint and central to Bourke's claim.

10

In conclusion, we hold that the State did not disprove beyond a reasonable doubt defendant's claim that he killed Johnson in defense of his person and his dwelling. The State did not prove as unreasonable defendant's account of his struggle with Johnson inside the motel room. Rather, the account was reasonably consistent with the condition of Johnson's and defendant's bodies. Ruling as we do on this issue, we do not reach defendant's remaining arguments that his conviction should be reduced to second degree murder and that his trial counsel was ineffective.

Bourke now brings this lawsuit, in which he asserts a § 1983 claim against the Village of Downers Grove and various of its police officers, alleging that those defendants caused him to have been deprived of a fair trial in the murder case by suppressing exculpatory evidence. Bourke also brings legal malpractice claims against Brucar and Conger. According to Bourke's complaint, he "was erroneously found guilty of murder as a result of one or more of the following acts of malpractice by [Brucar and Conger]"; their "fail[ure] to confer with and present testimony from a crime scene expert," their "fail[ure] to recognize that a tape recording produced by the prosecution contained gaps of apparent erasures that excluded material that would have been helpful to the defense case," and their "conduct[ of the] trial in an incompetent manner in failing to exercise reasonable professional judgment during jury selection, in failing to make any objection to the admission into evidence of unfairly prejudicial photographs, and in failing to make any objection to the use of a tape recording that contained apparent erasures that excluded material that would have persuaded the jury to find plaintiff not guilty." Brucar and Conger move to dismiss the Complaint as to them pursuant to Federal Rule of Civil Procedure 12(b)(6).

Under Illinois law, a cause of action for legal malpractice arising from representation in a criminal case accrues when the plaintiff's conviction is overturned. *Griffin v. Goldenhersh*, 752

---

*Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). I may also take judicial notice of the order, and consider it on that separate and independent basis. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

2

N.E.2d 1232, 1239 (Ill. App. Ct. 2001). A plaintiff must plead and prove the following: "(1) an attorney-client relationship; (2) a duty arising from that relationship; (3) a breach of that duty; and (4) actual damages or injury proximately caused by that breach." *Woidtke v. St. Clair County*, 335 F.3d 558, 562 (7th Cir. 2003). Brucar and Conger argue that Bourke's legal malpractice claim fails because he cannot establish that any purported negligence by his criminal defense counsel proximately caused his first degree murder conviction.

In his appeal, Bourke advanced an "ineffective assistance of counsel" argument equivalent to his instant claim that movants committed malpractice in representing him.[2] However, the Appellate Court never reached the question of whether Bourke's counsel negligently represented him at trial. Instead, after exhaustively recounting the testimony and other evidence introduced at the criminal trial, the Court found that the State had failed to prove Bourke guilty beyond a reasonable doubt because it had failed to disprove that he had killed in self-defense, and that the trial court had erred by not dismissing the charge against him. Accordingly, Brucar and Conger argue that any alleged malpractice, even if true, was not the proximate cause of Bourke's conviction. Instead, they argue, the cause of the conviction was the trial court's error in not dismissing the case based on the State's insufficient case.

The problem with this argument is that it misconstrues the significance of the Appellate Court Order. The question here is whether Bourke may be able to establish any facts showing

---

[2] *See Praxair, Inc. v. Hinshaw & Culbertson*, 235 F.3d 1028, 1031 (7th Cir. 2000) ("Negligent legal representation is a failure to meet professional standards, and is thus equivalent to what in Sixth Amendment cases is called ineffective assistance of counsel."); *Kramer v. Dirksen*, 695 N.E.2d 1288, 1291 (Ill. App. Ct. 1998) ("We believe those states that have found that the issue of 'ineffective assistance of counsel' is the equivalent of negligence and causation in a plaintiff's malpractice case, for purposes of collateral estoppel, are persuasively reasoned.").

that Brucar and Conger's representation was the proximate cause of his wrongful conviction. The Appellate Court Order clearly establishes that the conviction was wrongful because the State had failed to meet its burden as a matter of law, but the order is silent as to whether Brucar and Conger's representation proximately caused the conviction. The opinion did not address this issue because it was irrelevant to the ultimate disposition of the appeal, namely the reversal of the trial court's decision. This silence cannot be construed as a conclusion that Brucar and Conger's representation was not the proximate cause of conviction. Bourke may be able to establish facts showing that the representation was the proximate cause of conviction, and the Appellate Court Order does not conclusively establish that he will not be able to do this.

For the reasons above, Brucar and Conger's Motion to Dismiss is DENIED.

ENTER:

James B. Zagel
United States District Judge

DATE: 10 March 2004