UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID BOURKE, ) | |
| ) | |
| Plaintiff, ) | Case No. 03 C 7749 |
| ) | |
| v. ) | District Judge James B. Zagel |
| ) | |
| VILLAGE OF DOWNERS GROVE, et al., ) | Magistrate Judge Morton Denlow |
| ) | |
| Defendants. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANTS WAYNE E. BRUCAR AND N. SCOTT CONGER

Defendants Wayne E. Brucar and N. Scott Conger, by their attorneys and for their Answer to the Complaint, state as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343.

ANSWER:

**Brucar and Conger admit that plaintiff attempts to allege a Section 1983 claim against their co-defendants. Brucar and Conger lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint.**

2. Plaintiff David Bourke is a resident of the Northern District of Illinois.

ANSWER:

**Brucar and Conger lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.**

3. Defendant Village of Downers Grove is an Illinois municipal corporation.

**ANSWER:**

**Brucar and Conger admit the allegations contained in paragraph 3 of the Complaint.**

4.  Defendants Dutton, Polnik, Hutchens, and Kucaba were at all times relevant police officers employed by defendant Downers Grove. Plaintiff asserts a Section 1983 claim against these defendants, who are sued in their individual capacity.

**ANSWER:**

**Brucar and Conger admit that plaintiff attempts to allege a Section 1983 claim against defendants Dutton, Polnik, Hutchens and Kucaba, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Complaint.**

5.  Detectives Porter, Tessman, and Nels were at all times relevant police detectives employed by defendant Downers Grove. Plaintiff asserts a Section 1983 claim against these defendants, who are sued in their individual capacity.

**ANSWER:**

**Brucar and Conger admit that plaintiff attempts to allege a Section 1983 claim against defendants Porter, Tessman and Nels, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint.**

6.  Defendant Byrne was at all times relevant a police lieutenant employed by defendant Downers Grove. Plaintiff asserts a Section 1983 claim against Byrne, who is sued in his individual capacity.

**ANSWER:**

**Brucar and Conger admit that plaintiff attempts to allege a Section 1983 claim against defendant Byrne, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint.**

7.  Defendant Harris was at all times relevant a Deputy Police Chief employed by defendant Downers Grove. Plaintiff asserts a Section 1983 claim against Harris, who is sued in his individual capacity.

**ANSWER:**

**Brucar and Conger admit that plaintiff attempts to allege a Section 1983 claim against defendant Harris, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint.**

8.  Scott Conger and Wayne E. Brucar are attorneys licensed to practice law in the State of Illinois. Conger and Brucar represented plaintiff at his state court criminal trial. Plaintiff asserts a supplemental state law claim of attorney malpractice against these defendants pursuant to 28 U.S.C. § 1367.

**ANSWER:**

**Brucar and Conger admit the allegations contained in the first two sentences of paragraph 8 of the Complaint, and further admit that plaintiff attempts to state a legal malpractice claim against Brucar and Conger under the supplemental jurisdiction, but deny that such a claim is stated.**

9.  On April 16, 1998, plaintiff shot and killed a man named Roger Johnson within the Village of Downers Grove, Illinois. As set out below with greater specificity, the Illinois courts have conclusively determined that plaintiff acted in self defense and that the shooting was a justifiable homicide. The issue of self defense reached a final adjudication on January 4, 2002.

**ANSWER:**

**Brucar and Conger admit the allegations contained in the first sentence of paragraph 9 of the Complaint, further admit that one Illinois court has found that plaintiff killed Johnson in self-defense, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint.**

10. Plaintiff was arrested on the day of the justifiable homicide (April 16, 1998) and thereafter was formally charged with murder. Plaintiff remained in custody for 30 months following his arrest.

**ANSWER:**

**Brucar and Conger admit that plaintiff killed Johnson on April 16, 1998, was arrested within 24 hours thereafter, and subsequently was formally charged with murder. Brucar and Conger lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Complaint.**

11. As a result of the malpractice of defendant Conger and Brucar, and the suppression of exculpatory evidence by one or more of defendants Dutton, Polnik, Hutchens, Kucaba, Porter, Tessman, Nels, Byrne, or Harris, defendant was found guilty of first degree murder and sentenced to a 25 year term of imprisonment.

**ANSWER:**

**Brucar and Conger admit that plaintiff was found guilty of first degree murder and sentenced to a 25-year term of imprisonment, and deny the remaining allegations contained in paragraph 11 of the Complaint.**

12. Plaintiff's conviction was reversed outright by the Illinois Appellate Court, which concluded that plaintiff had acted in self defense. The Illinois Supreme Court denied review on December 5, 2001, and the mandate of the Illinois Appellate Court issued on January 4, 2002.

**ANSWER:**

**Brucar and Conger admit that the Illinois Appellate Court found that plaintiff killed Johnson in self-defense and reversed his conviction outright, that the Illinois Supreme Court denied review of the Illinois Appellate Court's decision, and that the Illinois Appellate Court's mandate subsequently issued. Brucar and Conger lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Complaint.**

13. Plaintiff was erroneously found guilty of murder as a result of one or more of the following acts of malpractice by defendants Conger and Brucar:

> i. Defendants Conger and Brucar failed to confer with and present testimony from a crime scene expert, who would have explained to these attorneys and to the jury that the prosecution's

- 4 -

theory of the case was based on what the Appellate Court subsequently characterized as a "highly fanciful reading of the evidence."

ii. Defendants Conger and Brucar failed to recognize that a tape recording produced by the prosecution contained gaps of apparent erasures that excluded material that would have been helpful to the defense case. Instead of raising any objection to the misleading tape, or even demanding an evidentiary hearing into its pedigree, defendants Conger and Brucar stipulated to the admissibility of the tape.

iii. Defendants Conger and Brucar conducted the trial in an incompetent manner in failing to exercise reasonable professional judgment during jury selection, in failing to make any objection to the admission into evidence of unfairly prejudicial photographs, and in failing to make any objection to the use of a tape recording that contained apparent erasures that excluded material that would have persuaded the jury to find plaintiff not guilty.

**ANSWER:**

**Brucar and Conger deny the allegations contained in paragraph 13 of the Complaint.**

14. One or more of defendants Dutton, Polnik, Hutchens, Kucaba, Porter, Tessman, Nels, Byrne, or Harris caused plaintiff to have been deprived of a fair trial by suppressing exculpatory evidence:

i. After plaintiff killed Johnson in self defense, plaintiff was present while his father had a telephone conversation with the Downers Grove police dispatcher. During this conversation, the dispatcher asked plaintiff's father to elicit from plaintiff his version of the incident; the tape that was used at trial includes the voice of plaintiff's father repeating plaintiff's version of the incident as follows: "He came to the door and they got into an argument and then this fellow" followed by a suspicious sound like that made by a pause button, followed the the words "and he shot him."

ii. In addition to this crucial erasure, the tape that was used at plaintiff's trial contains more than six additional gaps.

iii. Plaintiff believes that the tape of the conversation between his father and the police dispatcher was prepared by one or more of Dutton, Polnik, Hutchens, Kucaba, Porter, Tessman, Nels, Byrne, and Harris, who acted in accordance with a practice or policy of

the Village of Downers Grove or was acting as the final decisionmaker on the question of which portions of the communications tape should be suppressed.

iv. As a result of the foregoing, plaintiff was erroneously found guilty of murder and confined in the penitentiary for several years before his conviction was reversed outright. In addition to having been deprived of his freedom, plaintiff was subjected to severe emotional distress and lost wages as a result of his erroneous conviction and incarceration.

v. Plaintiff hereby demands trial by jury.

**ANSWER:**

**Brucar and Conger admit that plaintiff has demanded a trial by jury, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Complaint.**

### AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim against Brucar and Conger upon which relief can be granted.

2. Plaintiff's comparative negligence contributed, in whole or in part, to his conviction for murder.

WHEREFORE, defendants Wayne E. Brucar and N. Scott Conger respectfully request that this Court enter judgment in their favor and against plaintiff David Bourke on the Complaint, dismiss the Complaint with prejudice as to them, and grant such other and further relief as it deems just and proper.

WAYNE E. BRUCAR and N. SCOTT CONGER

By: _____
One of Their Attorneys

Terry D. Weissman (ARDC #6211582)
John W. Guarisco (ARDC #6229369)

Neal, Gerber & Eisenberg LLP
Two North LaSalle Street
Chicago, Illinois 60602
(312) 269-8000
NGEDOCS :016335.0616 1013379.1

## CERTIFICATE OF SERVICE

I, John W. Guarisco, an attorney, certify that I caused **Answer and Affirmative Defenses of Defendants Wayne E. Brucar and N. Scott Conger** to be served on the following counsel of record:

Kenneth N. Flaxman
200 South Michigan Avenue
Suite 1240
Chicago, IL 60604

James L. DeAno
Norton, Mancini, Weiler & DeAno
109 North Hale
Wheaton, IL 60187

by depositing a copy of same in the United States Mail Chute from the law offices of Neal, Gerber & Eisenberg LLP located at 2 North LaSalle Street, Suite 2300, Chicago, Illinois 60602 with proper postage prepaid, all before the hour of 5:00 p.m. on **April 9, 2004.**

_____
John W. Guarisco

NGEDOCS :016335.0616 987057.1