IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID BOURKE, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) No. 03 CV 7749 |
| *-vs-* | ) |
| | ) *(Judge Zagel)* |
| THE VILLAGE OF DOWNERS | ) |
| GROVE, et al., | ) |
| | ) |
| *Defendants.* | ) |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS CONGER AND BRUCHAR

### I.   Introduction

In 1998, plaintiff David Bourke was convicted of murder after a jury rejected Bourke's claim of self defense. The Illinois Appellate Court reversed plaintiff's conviction outright, agreeing with Bourke that he had acted in self defense.

Plaintiff contends in this action that defendants Brucar and Conger, the attorneys who represented him at trial, failed to exercise a reasonable degree of professional care and skill in selecting the jury and that their malpractice was a proximate cause of his erroneous conviction.

Brucar and Conger conducted a superficial voir dire and did not probe jurors' attitudes about ownership of firearms (plaintiff owned a gun which he kept in his motel room), the use of deadly force in defense of dwelling (plaintiff used deadly force in defense of his dwelling), or the use of alcohol. (Plaintiff was intoxicated when he used deadly force.) Defendants declined to use any peremptory challenges, even against one prospective juror who revealed that "I don't like firearms. I don't like them in the hands of—I don't like them in private homes, never have." (Transcript 56, filed by Defendants as Exhibit E.) Defendants continued to withhold a peremptory challenge even when this juror (who would later became the jury foreman) could only state "I think so" when asked if he could put his personal feelings about gun ownership aside.

Plaintiff supports his attorney malpractice claim, as required by Illinois law, *Schmidt v. Hinshaw, Culbertson,* 75 Ill.App.3d 516, 522, 394 N.E.2d 559, 564 (1979), with expert opinion. Plaintiff has engaged attorney David Thomas, who bases his opinions on nearly 40 years of practice, including about 27 years as a clinical professor at IIT Chicago-Kent College of Law.

Thomas has offered the opinion that, in selecting the jury at trial, Brucar and Conger "did not meet the standard of care reasonably to be

expected from criminal defense counsel in 1999." (Thomas Report, page 4, submitted by defendants as their Exhibit C.) Thomas also offers the opinion that "there is a reasonable likelihood the deficient performance of counsel resulted in the guilty verdict because, as the Appellate Court found, the evidence strongly supported Mr. Bourke's position." *Id.*

Defendants do not challenge the admissibility of Thomas' opinions. Nor do defendants ask the Court to resolve the dispute between the opinions of David Thomas and those of defendants' expert, Brian Telander. Finally, defendants appear to concede that the outright reversal of plaintiff's conviction by the Illinois Appellate Court satisfies the Illinois "actual innocence" rule. *Winniczek v. Nagelberg,* 394 F.3d 505, 507 (7th Cir. 2005).

Defendants appear to recognize that a jury must resolve the disputed questions of whether defendants failed to exercise a reasonable degree of professional care and skill and, if so, whether that malpractice was a proximate cause of plaintiff's wrongful incarceration.

Defendants have nonetheless filed a motion for summary judgment, asserting that, as a matter of law, an attorney can never be liable for failing to exercise a reasonable degree of professional care and skill in jury selection. (Def.Mem. 9–17.) Plaintiff shows below that this argument is without merit.

## II. Defendants' Flawed Syllogism

Defendants' argument is based on a flawed syllogism: because malpractice is the civil counterpart to ineffective assistance of counsel in criminal cases, defendants assert that this malpractice action must fail because Illinois courts have declined to grant relief in criminal cases on claims that trial counsel was ineffective in selecting a jury. (Def.Mem. 9-11.)

The flaw in defendants' syllogism is that a court will never reach any question about jury selection when, as in plaintiff's direct appeal, the court concludes that the evidence failed to establish guilt beyond a reasonable doubt. None of the cases cited by defendants overcome this infirmity in logic.

The defendant in *People v. Begay,* 377 Ill.App.3d 417, 879 N.E.2d 962 (2007) (Def.Mem. 9-10), did not challenge the sufficiency of the evidence. One of the appellate arguments raised by *Begay* was that trial counsel should have challenged a juror for cause after the juror answered "No" to the question "So you wouldn't be fair, either?" 879 N.E.2d at 968. The court identified a rational trial strategy that would have been consistent with withholding a challenge for cause and denied relief. *Id.*

The Court in *Begay* set out the Illinois rule that "defense counsel's conduct during jury *voir dire* involves matters of trial strategy *that generally* are not subject to scrutiny." 879 N.E.2d at 968 (emphasis added). This rule is far less sweeping than the absolute prohibition urged by defendants.

That Illinois does not immunize voir dire from claims of attorney malpractice is also apparent in *People v. Lopez,* 371 Ill.App.3d 920, 864 N.E.2d 726 (2007) (Def.Mem. 10). There, the defendant argued on appeal that defense counsel should have used peremptory challenges to strike two prospective jurors. 864 N.E.2d at 736. The court rejected this argument, noting that counsel had "exercised four peremptory challenges to dismiss jurors who were members of the same panel as [the two unchallenged jurors]." 864 N.E.2d at 737.

The court in *Lopez* made plain that Illinois does not apply the sort of irrebutable presumption urged by defendants in this case, concluding that "[d]efendant has presented no evidence to rebut the presumption that counsel's decisions were the result of trial strategy, and, on the record before us, we find that counsel's decision to accept [the two jurors] was a matter of trial strategy." 864 N.E.2d at 737.

None of the remaining cases cited by defendants preclude a person like plaintiff, whose conviction was reversed outright for

insufficient evidence, from presenting evidence at a civil malpractice trial that his attorneys failed to exercise a reasonable degree of professional care and skill in selecting a jury and that this malpractice was a proximate cause of plaintiff's wrongful incarceration.[1]  Plaintiff shows below that defendants' alternate "public policy argument" is equally devoid of merit.

---

[1] *People v. Powell,* 355 Ill.App.3d 124, 822 N.E.2d 131 (2004) (Def.Mem. 10) (failure to request judicial *voir dire* on street gang bias was a matter of trial strategy under facts of case); *People v. Bowman,* 325 Ill.App.3d 411, 758 N.E.2d 408 (2001) (Def.Mem. 10) (trial judge did not abuse discretion in denying two challenges for cause; no plain error in refusal of trial judge to conduct more extensive *voir dire* of one juror; ineffective assistance claim rejected because "[t]he defendant has failed to show that counsel's decisions, questionable as they might be, were not tactical and a matter of jury selection strategy."); *People v. Miles,* 176 Ill.App.3d 758, 531 N.E.2d 891 (1988) (Def.Mem. 10) (ineffective assistance for failure to challenge a juror rejected because of the "overwhelming evidence of guilt"); *People v. Furdge,* 332 Ill.App.3d 1019, 774 N.E.2d 415 (2002) (Def.Mem. 10–11) (failure to question jurors about street gangs was part of rational trial strategy and, under circumstances of case, not prejudicial).

### III.    The Court Should Decline Defendants' Request to Write New Illinois Law

Defendants ask this Court to hold, as a matter of first impression, that Illinois law does not permit an attorney to be sued for failing to exercise a reasonable degree of professional care and skill in selecting a jury.  (Def.Mem. 11–16.)  Defendants also ask the Court to reach another question of first impression, and hold that malpractice in selecting a jury cannot, as a matter of law, be the proximate cause of an erroneous guilty verdict.  (Def.Mem. 17–19.)  In addition, defendants ask the Court to hold that two and a half years of incarceration because of an erroneous jury verdict amounts to only a "speculative" injury. (Def.Mem. 19-21.)

Defendants fail to show, however, that any court has adopted any of these proposed rules.  Nor are defendants able to show that the Illinois Supreme Court is likely to adopt any of these proposed rules.

Defendants overlook several material facts in their policy arguments.  (Def.Mem. 13–17.)  First, in this case the jury returned a guilty verdict on evidence which did not allow "any rational trier of fact [to] ….  have found the essential elements beyond a reasonable doubt." (Rule 23 Order at 30, filed by defendants as Exhibit A.)

Second, plaintiff spent two and half years in the penitentiary as the result of his erroneous conviction, hardly a "speculative" injury.

Third, trial counsel had an economic incentive to do the trial as quickly as possible.  Plaintiff was initially represented by the DuPage County Public Defender; defendant Conger was the assistant Public Defender working on the case.

Conger left the Public Defender's office in 1999 and entered into a partnership with defendant Brucar.  Shortly thereafter, Conger solicited plaintiff as a client — as plaintiff testified at his deposition, "Scott Conger came to see me and told that for five grand him and his new partner would take care of me, but he said I had to request it because if I didn't it would like he did something illegal." (Bourke Dep. 138, filed by defendants as Exhibit F.)

It is unlikely that this factual background would encourage the Illinois Supreme Court to create a rule to immunize lawyers from liability for their malpractice.

Defendants are in error in asserting that the Sixth Circuit adopted their proposed rule in *Woodruff v. Tomlin*, 616 F.2d 924 (6th Cir. 1980). (Def.Mem. 14.)  In that case, in addition to the language quoted by defendants, the Court made plain that its holding should not read

-8-

> [T]o say, however, that an attorney may not be held liable
> for any of his actions in relation to a trial. He is still bound
> to exercise a reasonable degree of skill and care in all his
> professional undertakings.

*Woodruff v. Tomlin*, 616 F.3d at 930.

A trial in this case is required on plaintiff's claim that defendants Brucar and Conger failed to exercise a reasonable degree of skill and care at the criminal trial. The Court should reject defendants' request that it fashion a new immunity. The Court should likewise reject defendants' claim (Def.Mem. 17–19), that their malpractice in jury selection cannot, as a matter of law, be the proximate cause of the erroneous conviction: this is a paradigmatic jury question which cannot be fairly resolved by a creation of an irrational legal principle.

## IV.    Conclusion

Defendants correctly point out that plaintiff has limited his case to the single claim of malpractice arising from the manner in which defendants selected the jury. Plaintiff does not intend to advance the other theories mentioned in the complaint (failure to retain a crime scene expert, failure to object to the introduction into evidence of photographs, and failure to object to the use of a tape recording) as independent malpractice claims.

The Court reject defendants' request that it fashion new rules of law and set this case for trial on the factual questions of whether defendants Conger and Brucar  failed to exercise a reasonable degree of professional care and skill in selecting the jury and that their malpractice was a proximate cause of plaintiff's erroneous conviction.

Respectfully submitted,

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC #830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604
(312) 427-3200
*Attorney for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of March, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  James L. DeAno, Esq., Deano & Scarry LLC, 2100 Manchester Rd., Ste A-101, Wheaton, IL 60187-4579, and Thomas P. McGarry, Renee O. Kelly, Hinshaw & Culbertson LLP, 222 N LaSalle St, Ste 300, Chicago, IL 60601, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:  none.


/s/ Kenneth N. Flaxman
_____
Kenneth N. Flaxman
ARDC Number 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604-2430
(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)