IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID BOURKE, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) No. 03 CV 7749 |
| -vs- | ) |
| | ) *(Judge Zagel)* |
| THE VILLAGE OF DOWNERS GROVE, et al., | ) |
| | ) |
| . *Defendants* | ) |

**PLAINTIFF'S MOTION TO RECONSIDER
ORDER GRANTING SUMMARY JUDGMENT
TO DEFENDANTS CONGER AND BRUCHAR**

In accordance with *Sanders v. Village of Dixmoor, Ill.,* 178 F.3d 869, 870 (7th Cir. 1999), plaintiff, by counsel, moves the Court to reconsider its order granting summary judgment to defendants Conger and Bruchar.

Grounds for this motion are as follows:

1. Defendants' motion for summary judgment (attached as Exhibit 1), advanced two grounds for relief on plaintiff's attorney malpractice claim: First, that claimed malpractice in jury selection "cannot be held *as a matter of law and policy* to be actionable malpractice or be the proximate cause of plaintiff's loss." (Exhibit 1

par. 1, emphasis supplied)  And second that claimed malpractice in jury selection "is speculative as a matter of law." (Exhibit 1 par. 2.)

2. Plaintiff did not read the summary judgment motion as advancing the argument that plaintiff did not have enough evidence to show that the alleged malpractice was the proximate cause of his conviction.  Plaintiff respectfully submits that this was a reasonable construction of defendants' contention that *"as a matter of law and policy"* the alleged malpractice could not be held to be the proximate cause of plaintiff's loss.  It was on this reading of defendants' motion that plaintiff did not "discuss but-for causation." (Mem.Op. 7.)

3. The Court read the summary judgment motion as advancing the factual argument that plaintiff did not have enough evidence to show that the alleged malpractice was the proximate cause of his conviction. (Mem.Op. 8.)  Thus, the Court considered whether the opinion of plaintiff and his expert were sufficient to show that plaintiff would have been acquitted at trial "but for" the alleged malpractice. (Mem.Op. 7.)

4. The Court should reconsider its decision to grant summary judgment on grounds which defendants, in obedience to Illinois law, had declined to advance.

5. Illinois law generally requires the plaintiff in an attorney malpractice action to present expert testimony on the standard of care. *Los Amigos Supermarket, Inc. v. Metropolitan Bank & Trust Co.,* 306 Ill.App.3d 115, 130-31, 713 N.E.2d 686, 697 (1999); *Barth v. Reagan,* 190 Ill.App.3d 516, 521, 546 N.E.2d 87, 90 (1989). Illinois law does not require the plaintiff in an attorney malpractice action to present expert testimony on proximate cause.

6. The plaintiff in an attorney malpractice action must prove "proximate cause establishing that but for the attorney's negligence, the plaintiff would have prevailed in the underlying action." *Cedeno v. Gumbiner,* 347 Ill.App.3d 169, 174, 806 N.E.2d 1188, 1192 (2004). This requirement is often referred to as proving a "case within a case." *Adams v. Sussman & Hertzberg, Ltd.,* 292 Ill.App.3d 30, 33, 684 N.E.2d 935, 938 (1997).

7. Under Illinois law, when the claimed malpractice occurred in an action for damages, "the plaintiff is required to prove the underlying action and what his recovery would have been in that prior action absent the alleged malpractice." *Merritt v. Goldenberg,* 362 Ill.App.3d 902, 910, 841 N.E.2d 1003, 1010 (2005). This question of fact is generally resolved at a trial, as in *Warren v. Williams,* 313 Ill.App.3d 450, 730 N.E.2d 512 (2000). A trial is required because, under Illinois

law, "[t]he issue of proximate causation in a legal malpractice setting is generally considered a factual issue to be decided by the trier of fact."[1] *Renshaw v. Black,* 299 Ill.App.3d 412, 417, 701 N.E.2d 553, 557 (1998).

As set out above, the Court granted summary judgment on grounds which defendants had not raised. The theory adopted by the Court — that plaintiff is required to come forward with expert opinion testimony to show that the alleged malpractice "caused [the] guilty verdict" (Mem.Op. 9) — is contrary to Illinois law of attorney malpractice. Accordingly, the Court should reconsider and set aside its order granting summary judgment to defendants Conger and Bruchar.

Respectfully submitted,

/s/ Kenneth N. Flaxman

Kenneth N. Flaxman
ARDC 830399
200 S Michigan Ave, Ste 1240
Chicago, Illinois 60604
(312) 427-3200

*Attorney for Plaintiff*

---

[1] A different rule applies when the malpractice claims "rests upon the question of how the appellate court in the underlying case would have interpreted the Tort Immunity Act." *Governmental Interinsurance Exchange v. Judge,* 221 Ill.2d 195, 211, 850 N.E.2d 183, 193 (2006). This is a question of law for resolution by the trial court. *Id.*

**Exhibit 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID BOURKE, | ) |
|   Plaintiff, | ) |
| v. | ) Case No.: 03 CV 07749 |
| | ) Honorable James B. Zagel |
| VILLAGE OF DOWNERS GROVE, ET AL., | ) |
|   Defendants. | ) |

**DEFENDANTS, WAYNE BRUCAR'S AND
<u>SCOTT CONGER'S MOTION FOR SUMMARY JUDGMENT</u>**

Defendants, Wayne Brucar ("Brucar") and Scott Conger ("Conger"), by their undersigned attorneys, hereby move this Honorable Court, pursuant to Federal Rule of Civil Procedure 56, to grant their Motion for Summary Judgment and enter judgment in their favor as to all relief sought in plaintiff's complaint against them, with prejudice and in support thereof state as follows:

1. Brucar and Conger are entitled Summary Judgment under Rule 56 because plaintiff's claim for malpractice, as a result of professional judgment during jury selection, cannot be held as a matter of law and policy to be actionable malpractice or be the proximate cause of plaintiff's loss.

2. Brucar and Conger are entitled Summary Judgment under Rule 56 because plaintiff's claim for malpractice, as a result of professional judgment during jury selection, is speculative as a matter of law.

2

3. Brucar and Conger are entitled Summary Judgment under Rule 56 for plaintiff's other claims for malpractice (other than the alleged negligent jury selection) because plaintiff has abandoned said claims by failing to provide expert opinion as to the standard of care.

4. Brucar and Conger incorporate their Memorandum in Support of Their Motion for Summary Judgment as fully set forth herein.

WHEREFORE, Wayne E. Brucar and Nathan Scott Conger respectfully request that this Court grant their Motion for Summary Judgment and enter judgment in their favor and against plaintiff, David Bourke, on all claims and causes of action.

Respectfully submitted,

WAYNE E. BRUCAR AND N. SCOTT CONGER

By:     s/Thomas P. McGarry
        Thomas P. McGarry

Thomas P. McGarry
Renée Kelly
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of June, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: James L. DeAno, Esq., Deano & Scarry LLC, 2100 Manchester Rd., Ste A-101, Wheaton, IL 60187-4579, and Thomas P. McGarry, Renee O. Kelly, Hinshaw & Culbertson LLP, 222 N LaSalle St, Ste 300, Chicago, IL 60601, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

/s/ Kenneth N. Flaxman

---

Kenneth N. Flaxman
ARDC Number 08830399
200 S Michigan Ave, Ste 1240
Chicago, IL 60604-2430
(312) 427-3200 (phone)
(312) 427-3930 (fax)
knf@kenlaw.com (email)