# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03-cv-7749 | **DATE** | July 2, 2009 |
| **CASE TITLE** | DAVID BOURKE V. VILLAGE OF DOWNERS GROVE, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for reconsideration (71) is granted.

## STATEMENT

Plaintiff seeks reconsideration of my opinion granting summary judgment in favor of Defendants, arguing that the basis of that ruling departed from the grounds set forth by Defendants' motion.

In their motion for summary judgment, Defendants argued that "[a]s a matter of law, defendants' alleged acts and/or omissions cannot be the proximate cause of plaintiff's purported injuries." Plaintiff claims that reading of Defendants' motion should be limited to the contention that "as a matter of law and policy," the alleged malpractice could not be held to be the proximate cause of Plaintiff's loss.[1] According to Plaintiff, Defendants' motion should not have been read to advance the factual argument that Plaintiff presented insufficient evidence to show that the alleged malpractice was the proximate cause of Plaintiff's conviction. Plaintiff maintains that when correctly read, Defendants' motion did not require a discussion of but-for causation in Plaintiff's response brief.

Defendants' motion advanced two arguments with regard to proximate cause: (1) generally, jury selection is a matter of trial strategy and cannot be the proximate cause of a plaintiff's conviction; and (2) specifically in this case, the facts alleged cannot satisfy the proximate cause requirement. With regard to the second argument, Defendants discussed the facts surrounding the jury selection in this case, noting the following:

> (1) each and every juror that was empaneled on the jury of Bourke's criminal trial responded during voir dire that they could act in a fair and impartial manner;
> (2) no misconduct by any empaneled juror was alleged;
> (3) when questioning the jurors, defendants covered topics pertinent to the case, including self-defense, transient living, guns and violent death – all of which

**STATEMENT**

    were an exercise of counsel's professional judgment;
    (4) Plaintiff himself testified that he doesn't know if there would have been a different outcome of the criminal case had any jurors been excused during voir dire, only that there could have been a different outcome; and
    (5) Plaintiff testified that he has no basis for saying that any of the jurors did anything which caused him to be convicted.

Defendants further noted that Plaintiff's expert opined that "there is a reasonable likelihood that deficient performance of counsel resulted in the guilty verdict," and that he does not know whether the next juror would have been anymore fit if a peremptory challenge had been exercised to excuse an empaneled juror. Defendants argument concluded, '[f]or the above reasons, plaintiff's claims fail on both the legal *and factual*, but for causation grounds." (emphasis added). And as Defendants' reply brief reiterates, "Defendants are not attempting to advocate a wide-spread legal immunity that Plaintiff suggests. Rather, based on the facts that have been presented in this case, Plaintiff cannot establish the elements necessary, as a matter of law, to assert a malpractice claim."

    "Generally, the issue of proximate causation raises an issue of fact, except where reasonable men cannot disagree." *Gelsomino v. Gorov*, 502 N.E.2d 264, 268 (Ill. App. 1986). The Illinois Supreme Court has noted that "the range of reasonable apprehension [associated with proximate cause] is at times for the court, and at times, if varying inferences are possible, a question for the jury." *Ney v. Yellow Cab Co.*, 117 N.E.2d 74, 80 (Ill. 1954) (citation omitted). In other words, where reasonable people cannot disagree, then the issue is one of law, to be decided by the court. That is just what Defendants argue. Based on the facts submitted in this case, reasonable people cannot disagree on the issue of proximate cause.

    Plaintiff contends that the court has adopted the theory that plaintiffs are required to come forward with expert opinion testimony to show that the alleged malpractice caused the guilty verdict. This is not so; the only opinion I have adopted is that the Plaintiff presented insufficient evidence to show that the alleged malpractice was the proximate cause of his conviction. The expert's opinion together with Plaintiff's testimony illustrate the lack of disagreement here – neither party claims that there would have been a different outcome had voir dire been conducted differently, and the facts presented by Plaintiff in no way suggest but-for causation in this case. For these reasons, I adhere to my original ruling.

---

1. Plaintiff quotes Defendants' Motion for Summary Judgment. The argument header in Defendants' Memorandum in Support of Their Motion for Summary Judgment was entitled "The Exercise Of Professional Judgment During Jury Selection Cannot Be Actionable Malpractice Or The Proximate Cause Of Plaintiff's Loss As A Matter of Law and As A Matter of Public Policy." The sub-headings to this section are: (a) "Illinois law and public policy demand that an attorney shall not be held liable for his exercise of professional judgment in selecting a jury;" and (b) "As a matter of law, defendants' alleged acts and/or omissions cannot be the proximate cause of plaintiff's purported injuries."