IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID BOURKE,  )<br>  )<br>      Plaintiff,  )<br>  )<br>v.  )<br>  )<br>VILLAGE OF DOWNERS GROVE, ET AL.,  )<br>  )<br>      Defendants.  ) | Case No.: 03 CV 07749<br><br>Honorable James B. Zagel |

## DEFENDANTS BRUCAR AND CONGER'S
## MOTION FOR ENTRY OF A RULE 54(b) ORDER OF FINAL JUDGMENT

Defendants, Wayne Brucar ("Brucar") and Scott Conger ("Conger") by their Attorneys, Thomas P. McGarry and Renée O. Kelly, move this Court, pursuant to Rule 54(b), for the entry of final judgment in their favor upon an express finding that there exists no just reason for delay following this court's entry of summary judgment in their favor and against Plaintiff, David Bourke ("Bourke"), and in support thereof states:

1.    On May 29, 2009, this Honorable Court entered an Order granting the Motion for Summary Judgment filed on behalf of Wayne Brucar and Nathan Scott Conger. (Docket 70).

2.    On June 15, 2009, plaintiff filed a motion for reconsideration. (Docket 71). The Court granted plaintiff's motion, reconsidered his original ruling, and adhered to the Court's May 29, 2009 ruling granting Defendant Brucar and Conger's Motion for Summary Judgment. (Docket 74).

3.    Rule 54(b) of the Federal Rules of Civil Procedure permits the entry of a final judgment as to one or more but fewer than all the claims or parties in an action "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed.R.Civ.P. 54(b).

4.    As this court recognized in its Order, Plaintiff filed a complaint for a civil action arising under 42 U.S.C. 1983 against employees of the Village of Downers Grove for allegedly

suppressing exculpatory evidence. (Docket 70, p.1). In the complaint, Plaintiff also attempted to assert a supplemental state law claim for legal malpractice against Brucar and Conger. This Court found that, because Plaintiff failed to establish sufficient facts in support of proximate causation, his legal malpractice claim could not survive. (Docket 70, p.9). The claim against Brucar and Conger is separate and distinct from the remaining federal claims against the employees of the Village of Downers Grove which remain in the case to be adjudicated.

5. It would be manifestly unfair to hold Brucar and Conger in an unresolved position under the circumstances until the remaining claims against the Village of Downers Grove have been finally adjudicated. In light of this Court's determination that plaintiff's claim against Brucar and Conger lacks merit, their involvement in this litigation should be brought to a conclusion. Thus, Defendants Brucar and Conger respectfully request a Rule 54(b) order making an express determination that there is no just reason for delay in making an express direction for an entry of a final judgment in favor of Brucar and Conger as to the claim brought against them by plaintiff.

WHEREFORE, Defendants, Wayne Brucar and Nathan Scott Conger respectfully request that this Court grant their motion for an entry of final judgment in their favor and against the Plaintiff, DAVID BOURKE, pursuant to rule 54(b), and for such further relief as the Court may deem to be proper and just under the circumstances.

WAYNE E. BRUCAR AND N. SCOTT CONGER

By:    s/Renée O. Kelly
One of Their Attorneys

Thomas P. McGarry
Renée Kelly
HINSHAW & CULBERTSON
222 N. LaSalle Street
Suite 300
Chicago, IL 60601
Dated: August 21, 2009